[Crim. No. 43780. Second Dist., Div. Four. June 22, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD ROPER, Defendant and Appellant.

COUNSEL

Jack Deitsch for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Edward T. Fogel and Mark Alan Hart, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**McCLOSKY, Acting P. J.—**

### NATURE OF THE CASE

In an information, appellant Richard W. Roper was charged with three counts of failure to file in violation of Revenue and Taxation Code section 19406.

Appellant pled not guilty at his arraignment. Appellant's motion to set aside the information made pursuant to Penal Code section 995 was denied. Thereafter, appellant withdrew his plea of not guilty to count I and pled guilty to that count as charged.

At his probation and sentencing hearing, appellant sought to withdraw his guilty plea. This request was denied, and he was sentenced to one year in county jail. This sentence was suspended, and appellant was placed on probation for two years on certain terms and conditions. Counts II and III were dismissed on the motion of the People.

After issuance of a certificate of probable cause, this appeal followed. (Pen. Code, § 1237.5; Cal. Rules of Court, rule 31(d).)

### CONTENTIONS ON APPEAL

Appellant contends (1) that the court erred in denying his motion to set aside the information; (2) that he was denied effective assistance of counsel; and (3) that the court erred in denying his motion to withdraw his plea of guilty.

### FACTS

Appellant's motion to set aside the information was based on the transcript of the preliminary hearing. The evidence adduced at the hearing established the following:

In 1974, appellant became an employee of Honda Pasadena, an automobile and motorcycle dealership. He was a salesperson who was paid on the basis of commissions.

Appellant filed a certificate of exemption from tax liability. For a period of time, thereafter, the dealership did not withhold taxes from his commission checks. Clyde Bud Hinckley, the chief financial officer of Honda Pasadena, informed appellant that he did not think that he was exempt from taxation. Appellant's exemption certificate was nevertheless honored. The dealership withheld $4,096.08 in state income tax from appellant in 1978, none in 1979, and $2,199.35 in 1980.

Records of the California Franchise Tax Board showed that appellant had failed to file state income tax returns for the years 1978, 1979 and 1980 and that no payments were received from appellant for these years. An overpayment credit of $259.59 was applied to tax year 1978, and appellant additionally had a credit of $4,355 for taxes withheld for the 1978 tax year.

Appellant was sent notices of proposed assessment from the Franchise Tax Board informing him that he owed taxes for tax years 1978 and 1979. He protested these proposed assessments.

Appellant's taxable income for the years 1978, 1979 and 1980 was $61,613.16, $74,300.02 and $47,704.90, respectively. His net tax liability for those years was $1,401.18, $7,162, and $1,862.19, respectively.

DISCUSSION

I

Appellant contends that the trial court erred in denying his motion to set aside the information (Pen. Code, § 955)[1] which was made on the ground that defendant was committed without reasonable or probable cause.

Appellant's basic contention is that he was improperly held to answer to felony violations of Revenue and Taxation Code section 19406, because the evidence presented at his preliminary hearing failed to show an intent to evade a tax as required by statute.

---

[1]Penal Code section 995 in pertinent part provides: "(a) . . . the indictment or information shall be set aside by the court in which the defendant is arraigned, upon his or her motion, in either of the following cases:

"...........................................

"(2) If it is an information:

"...........................................

"(B) That the defendant had been committed without reasonable or probable cause."

Appellant maintains that the "only suspicion of guilt of this defendant which could be cautiously, prudently and consciously entertained by the Municipal Court, based upon the evidence presented at the preliminary examination, was that defendant may have been guilty of misdemeanor violations of Revenue and Taxation Code section 19406, wilful failure to file income tax returns. There was absolutely no evidence presented at the preliminary examination which even came close to inferring an intent to evade the payment of taxes which would elevate the alleged offenses to the level [of] felonies."

■ Appellant misinterprets Revenue and Taxation Code section 19406, a public offense punishable either as a felony or a misdemeanor. In either case, intent to evade is an element of the offense.[2]

■ "Issues cognizable on an appeal following a guilty plea are limited to issues based on 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings' resulting in the plea." (*People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895 [135 Cal.Rptr. 786, 558 P.2d 872].) ■ By pleading guilty, a defendant impliedly admits "that the People have established or can establish every element of the charged offense, thus obviating the need for the People to come forward with *any* evidence." (*People* v. *Martin* (1973) 9 Cal.3d 687, 693-694 [108 Cal.Rptr. 809, 511 P.2d 1161], cert. den., *Martin* v. *California* (1973) 414 U.S. 1113

---

[2]Penal Code section 17, subdivision (b)(5) provides: "(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . . [¶] (5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint."

Appellant contends that the offenses which he committed are misdemeanors because there was no evidence that he had the intent to evade payment of taxes when he failed to file his state income tax returns.

This contention is meritless. As stated above, Revenue and Taxation Code section 19406 is a public offense punishable either as a felony or a misdemeanor. Whether it is prosecuted as a felony or misdemeanor, intent to evade is an element of the offense.

Moreover, since appellant was sentenced to county jail, the offense for which he was convicted constituted a misdemeanor under Penal Code section 17, subdivision (b)(1) which provides that an offense is a misdemeanor for all purposes "(1) [a]fter a judgment imposing a punishment other than imprisonment in the state prison."

Appellant contends that the magistrate improperly equated his substantial earnings and substantial potential tax liability with an intent to evade. This contention finds no factual support in the record.

When denying appellant's Penal Code 17(b)(5) motion, the magistrate stated: "Court finds substantial earnings and substantial potential tax liability so as to bring it within the felony provisions of California Penal Code and the California Revenue and Taxation Code."

It is clear that appellant's substantial earnings and potential tax liability were reasons given by the magistrate for his refusal to reduce the offenses charged to misdemeanors under Penal Code section 17(b)(5).

[38 L.Ed.2d 740, 94 S.Ct. 844].) Challenges to rulings on Penal Code section 995 motions on grounds other than the validity of a search or seizure do not survive a guilty plea. (*People* v. *Lilienthal* (1978) 22 Cal.3d 891, 897 [150 Cal.Rptr. 910, 587 P.2d 706].)

Accordingly, appellant's claim that the trial court erred in denying his 995 motion is not cognizable on appeal.

## II

 "[T]he right of a defendant to assistance of counsel applies not only during trial . . . but also when the defendant is advised to plead guilty, and . . . the competency of counsel is subject to review in both instances. Counsel by advising his client to plead guilty cannot be permitted to evade his responsibility to adequately research the facts and the law." (*In re Hawley* (1967) 67 Cal.2d 824, 828 [63 Cal.Rptr. 831, 433 P.2d 919].)

 The burden of proving a claim of ineffective assistance of trial counsel is on the appellant who must demonstrate "that trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates" and that "counsel's acts or omissions resulted in the withdrawal of a potentially meritorious defense." (*People* v. *Pope* (1979) 23 Cal.3d 412, 425 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].)

Where, however, "a claim of ineffective assistance of counsel is based on acts or omissions not amounting to withdrawal of a defense, a defendant may prove such ineffectiveness if he establishes that his counsel failed to perform with reasonable competence and that it is reasonably probable a determination more favorable to the defendant would have resulted in the absence of counsel's failings." (*People* v. *Fosselman* (1983) 33 Cal.3d 572, 584 [189 Cal.Rptr. 855, 659 P.2d 1144].)

 Appellant contends that he was denied the effective assistance of counsel because his trial counsel advised him to plead guilty without investigating defenses that could have been raised at trial.

That contention is based on appellant's position that Revenue and Taxation Code section 19406 is unconstitutional in that it violates (1) the Fourteenth Amendment to the United States Constitution because it is unconstitutionally vague and (2) the constitutional right to privacy and the Privacy Act. These contentions, too, are meritless.

Appellant contends that his trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates in that he failed to investigate defenses.

The record on appeal is devoid of any support for that contention. In fact, the record on appeal demonstrates that at the time appellant entered his plea of guilty he stated affirmatively that he had discussed the nature of the offenses, the elements thereof, *possible defenses thereto,* and the consequences of his plea with his attorney. Having done so, he nevertheless entered a plea of guilty after deciding to forego any possible defense and acknowledged that he was pleading guilty because he was in truth guilty.

Hence, the record discloses that counsel's advice to accept the proffered plea bargain and forego constitutional objections was a rational tactical decision. Appellant has failed to meet his burden of proving that his trial attorney failed to act as a reasonably competent attorney.

Nor has appellant proved that his trial counsel's acts or omissions resulted in the withdrawal of a potentially meritorious defense or that, in the absence of his attorney's failure to perform with reasonable competence, it is reasonably probable that a determination more favorable to appellant would have resulted.

## Vagueness

■ "It is well established that a conviction under a criminal enactment which does not give adequate notice that the conduct charged is prohibited is violative of due process." (*Wright* v. *Georgia* (1962) 373 U.S. 284, 293 [10 L.Ed.2d 349, 356, 83 S.Ct. 1240].)

■ Appellant contends that Revenue and Taxation Code section 19406 is unconstitutionally vague because it "fails to state *who is required* to file an income tax return." (Italics added.) This contention is wholly without merit.

Revenue and Taxation Code section 19406 provides in pertinent part: "Any person who, within the time required by or under the provisions of this part, willfully fails to file any return or to supply any information with intent to evade any tax imposed by this part . . . is punishable by imprisonment in the county jail . . . or in the state prison, or by fine . . . or by both such fine and imprisonment . . . ."

Appellant concedes that the word "part" used in section 19406 refers to division 2, part 10 of the Revenue and Taxation Code which relates to personal income tax and that the words "any tax" refer to income tax.

Further, appellant acknowledges the fact that article 1 of chapter 17 of part 10 is entitled "Persons Required to File Returns" and that Revenue

and Taxation Code section 18401 of article 1 specifies who is required to make a return. Revenue and Taxation Code section 18401 provides:

"Every individual taxable under this part shall make a return to the Franchise Tax Board, stating specifically the items of the individual's gross income and the deductions and credits allowed by this part, if the individual has for the taxable year—

"(a) An adjusted gross income over five thousand dollars ($5,000) if single without preference income;

"(b) An adjusted gross income of over ten thousand dollars ($10,000) if married without preference income; or

"(c) A gross income of over ten thousand dollars ($10,000), if single, and twelve thousand dollars ($12,000) if married, regardless of the amount of adjusted gross income; or

"(d) A total amount of tax preference items in excess of four thousand dollars ($4,000), if single, and eight thousand dollars ($8,000), if married, regardless of the amount of adjusted gross income."

The question of who is taxable under the Revenue and Taxation laws relating to personal income tax can be resolved by referring first to Revenue and Taxation Code section 17041 which in pertinent part provides that personal income tax "shall be imposed for each taxable year upon the entire taxable income of every resident of this state . . . ."

"Taxable income" is defined in Revenue and Taxation Code section 17073 which in relevant part provides: "(a) . . . for purposes of this part the term 'taxable income' means gross income, minus the deductions allowed by this part, other than the standard deduction . . . ."

"Gross income" in turn is defined in Revenue and Taxation Code section 17071 as ". . . all income from whatever source derived . . . ."

Notwithstanding this definition of "gross income," appellant contends that "there is no definition of income" and further contends that "[i]t is obvious that the inability for an individual to determine the amount of his 'income' makes it impossible for the individual to know with certainty if he is 'required' to file and that this inability prevents the individual from knowing with certainty if he is committing the crime specified in § 19406 as repugnant to the 14th Amendment requirement for substantive due process."

These definitions are amply clear. We reject this contention as being meritless and undeserving of further comment.

Privacy

Appellant contends that Revenue and Taxation Code section 19406 is unconstitutional because it violates the right to privacy guaranteed in article 1, section 1 of the California Constitution and the federal Constitution.

*City of Carmel-By-The-Sea* v. *Young* (1970) 2 Cal.3d 259 [85 Cal.Rptr. 1, 466 P.2d 225, 37 A.L.R.3d 1313], which appellant cites in support of his contention is distinguishable in that it does not deal with tax returns. In *City of Carmel,* the Supreme Court invalidated a financial interest disclosure statute applying to a great number of public officers and employees finding that it "undertakes an overbroad intrusion into the right of privacy and thereby invalidly restricts the right to seek or hold public office or employment." (At p. 262.)

The court stated: "[W]e are satisfied that the protection of one's personal financial affairs and those of his (or her) spouse and children against compulsory public disclosure is an aspect of the zone of privacy which is protected by the Fourth Amendment and which also falls within that penumbra of constitutional rights into which the government may not intrude absent a showing of compelling need and that the intrusion is not overly broad." (*City of Carmel-By-The-Sea* v. *Young, supra,* 2 Cal.3d at p. 268.)

Appellant wisely does not contend that there is a lack of a compelling need for the requirement that an income tax return be filed or that the purposes that the state seeks to further by such a requirement can be accomplished by a more narrowly tailored method. The need of a state government for tax funds to carry out its legitimate governmental function is such a compelling need. We accordingly reject appellant's contention as being devoid of merit.

Appellant also contends that Revenue and Taxation Code section 19406 violates the Information Practices Act of 1977 (Civ. Code, § 1798 et seq.) and the Federal Privacy Act.

Both of these acts require that public agencies collecting personal information notify individuals, among other things, of the consequences of not providing all or part of the information requested. (See Civ. Code, § 1798.17, subd. (e); 5 U.S.C. § 552a, subd. (e)(3)(D).)

The record on appeal demonstrates no violation of these particular requirements. That portion of the income tax form of the California Franchise Tax Board containing the privacy notification, attached to appellant's opening brief as Exhibit A negates appellant's very contention. It states:

"The Information Practices Act of 1977 and the Federal Privacy Act require this department to provide the following to individuals who are asked by the Operations Division of the Franchise Tax Board to supply information:

"The principal purpose for requesting tax return information is to administer the Personal Income Tax Law of the State of California. This includes the determination and collection of the correct amount of tax.

"The California Revenue and Taxation Code requires every individual taxable under part 10 (Personal Income Tax) meeting the income requirements to file a return or statement in such form as prescribed by the Franchise Tax Board (Sections 18401 and 18431) and the regulations pertaining thereto). Individuals filing tax returns, statements, or other documents are required to include their social security numbers for proper identification and return processing (Section 18431 and the regulations pertaining thereto).

"It is mandatory to furnish all the appropriate information requested by the return forms and related data when a return or statement is required to be filed. The law provides penalties for failure to file a return, failure to supply information required by law or regulations, failure to furnish specific information required on return forms or for furnishing fraudulent information. Failure to provide all or part of the requested information may also result in disallowance of claimed exemptions, exclusions, credits, deductions, or adjustments which may result in increased tax liability, loss or . . . ."

While we are cognizant that it is not necessary to show that defense would have resulted in a defendant's acquittal for it to be a potentially meritorious one, we cannot in good conscience say that either of the constitutional defenses raised by appellant is the least bit meritorious. Nor does our review of the entire record lead us to conclude that had appellant proceeded to trial and raised these defenses, a result more favorable to him would have resulted.

We conclude that appellant has failed in every respect to meet his burden of proving ineffective assistance of counsel.

### III

Lastly, appellant contends that the trial court erred in denying his motion to withdraw his guilty plea.[3]

██ "The granting or denial of an application to withdraw a guilty plea is within the discretion of the trial court after a consideration of all the factors necessary to bring about a just result; and the decision of the trial judge will not be disturbed on appeal unless an abuse thereof is clearly demonstrated. (*People* v. *Superior Court* (*Giron*) (1974) 11 Cal.3d 793, 798 [114 Cal.Rptr. 596, 523 P.2d 636]; *In re Brown* (1973) 9 Cal.3d 679, 685 [108 Cal.Rptr. 801, 511 P.2d 1153].) ██ While the section is to be liberally construed and a plea of guilty may be withdrawn for mistake, ignorance, or inadvertence or any other factor overreaching defendant's free and clear judgment, the facts of such grounds must be established by clear and convincing evidence. (*People* v. *Cruz* (1974) 12 Cal.3d 562, 566 [116 Cal.Rptr. 242, 526 P.2d 250]; see also *People* v. *Dena* (1972) 25 Cal.App.3d 1001, 1008 [102 Cal.Rptr. 357].)" (*People* v. *Waters* (1975) 52 Cal.App.3d 323, 328 [125 Cal.Rptr. 46].)

When the trial court inquired of appellant as to his reason for wanting to withdraw his guilty plea, appellant merely explained:

"THE DEFENDANT: Well, it has been brought to my attention that filing state or federal income tax is voluntary, and if it is voluntary and I did not file, then I feel I have committed no crime, and therefore, I'd like to test that in court in front of a jury."

In response the trial judge stated:

"THE COURT: Well, I'm going to deny your request to withdraw your plea. It's been determined in the federal courts as well as in the state courts that contrary to what some of these protest groups believe, filing of income tax returns is not voluntary but compulsory."

The trial judge further informed appellant:

"I'm compelled to let you withdraw your plea if you have a valid reason, but I find that you do not have a valid reason, and you have a mistaken idea

---

[3]Penal Code section 1018 in pertinent part provides: "On application of the defendant at any time before judgment the court may, and in case of a defendant who appeared without counsel at the time of the plea the court must, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. . . . This section shall be liberally construed to effect these objects and to promote justice."

of your constitutional rights, so I'm going to refuse to withdraw it on those grounds, . . ."

 The trial judge did not abuse his discretion in denying appellant's motion to withdraw his plea of guilty on the ground stated. Contrary to appellant's assertion, the filing of a state income tax return is mandatory, not voluntary. (See Rev. & Tax. Code, § 18401.)

Appellant also contends that his counsel's ineffectiveness in failing and refusing to investigate and assert the foregoing alleged constitutional defenses and in advising him to accept the People's offered plea bargain and forego certain defenses justified the granting of his motion to withdraw his plea.

Appellant did not assert ineffective assistance of counsel as a ground for withdrawal of his guilty plea in the trial court and may not do so for the first time on appeal. Moreover, as we have stated, *ante,* the "failure" to assert those supposed grounds does not constitute ineffective assistance of counsel.

The judgment is affirmed.

Ackerman, J.,* and Lachs, J.,* concurred.

A petition for a rehearing was denied July 22, 1983.

---

*Assigned by the Chairperson of the Judicial Council.