Opinion
ZIEBARTH, P. J.
I
Statement of Facts
The appellant was charged with and convicted of two counts of violation of Revenue and Taxation Code section 19401 for failing to file state income tax returns for the years 1979 and 1980.
The evidence at trial indicated that the appellant had earned $42,295.05 in 1979 and $48,029.75 in 1980 from his employment with the Southern *Supp. 44 Pacific Company. The evidence also indicated that according to the records of the Franchise Tax Board, the appellant had not filed state income tax returns for either 1979 or 1980. The appellant had failed to do so even though he had been visited by a tax compliance representative of the Franchise Tax Board at the appellant’s home in December 1981 and asked to file such returns. In fact, the appellant admitted in his testimony that he had not filed tax returns for either 1979 or 1980. The reason he gave for not doing so was because he had attended meetings of the Your Heritage Protection Association and had become convinced that the filing of state tax returns was not mandatory, but rather voluntary and also that the 16th Amendment to the federal Constitution was unconstitutional.
The appellant had brought a pretrial motion for dismissal of the complaint against him on the grounds of discriminatory prosecution. At the conclusion of a lengthy hearing on that motion, the motion was denied. At the close of the prosecution’s case during trial, the appellant brought a motion to dismiss pursuant to Penal Code section 1118.1 on the ground that the prosecution had failed to present sufficient evidence to establish that he had received sufficient income during either 1979 or 1980 to require him to file state income tax returns. That motion was also denied.
The jury found the appellant to be guilty of both counts. The appellant brought a motion for a judgment notwithstanding the verdict or for a new trial. That motion was also denied and this appeal followed.
II
Appellant’s Contentions on Appeal
A. Revenue and Taxation Code section 19401 is unconstitutional because it creates a strict liability statute;
B. Appellant’s conviction was the result of discriminatory prosecution and, therefore, it should be reversed;
C. There was insufficient evidence presented by the prosecution to establish that the appellant was required under section 19401 to file tax returns for the years 1979 and 1980; and
D. There was insufficient evidence presented to establish that the appellant violated the statute in that no evidence was presented which showed that he intended to evade the payment of state income taxes.
*Supp. 45 III
Discussion

A.

Revenue and Taxation Code section 19401 provides as follows: “Any person who, with or without intent to evade any requirement of this part or any lawful requirement of the Franchise Tax Board under this part, fails to file any return or to supply any information required under this part, or who, with or without such intent, makes, renders, signs, or verifies any false or fraudulent return or statement, or supplies any false or fraudulent information, is liable to a penalty of not more than one thousand dollars ($1,000) ... or be imprisoned not to exceed one year, or both, at the discretion of the court.”
It has been held that the phrase “with or without intent to evade” in the above-quoted statute means that intent is not an element of the offense. (People v. Kuhn (1963) 216 Cal.App.2d 695, 698 [31 Cal.Rptr. 253].) Therefore, it is true, as appellant contends, that the statute dispenses with the usual requirement in a criminal statute of scienter, The appellant argues that in not requiring scienter, the statute violates due process requirements.
The appellant concedes that there are statutes making certain offenses punishable without any requirement of establishing criminal intent, but contends that the conduct involved in those offenses deals with so-called “public welfare offenses” which relate to the protection of public health and safety, e.g., food and drug regulations.
As Witkin has noted, “Certain kinds of regulatory offenses, not common law crimes and classified as ‘malum prohibitum’ rather than ‘malum in se’, are punishable despite the absence of criminal intent in any of the accepted senses. Scholars usually refer to them by such terms as ‘public welfare offenses’, or ‘civil offenses’, to distinguish them from ‘true crimes’”. (1 Witkin, Cal. Crimes (1963) § 62, at p. 66.)
While appellant is correct that most nonscienter offenses involve public welfare offenses, Witkin notes there are some statutes dealing with true crimes which appear to dispense with the knowledge requirement. “Some have been held to infringe upon constitutional guarantees . . .; others have been held valid . . .; but no clear principle can be found and no classification seems possible.” (Id., at p. 67.)
*Supp. 46 In Lambert v. California (1957) 355 U.S. 225 [2 L.Ed.2d 228, 78 S.Ct. 240], the United States Supreme Court struck down an ordinance which required a formerly convicted felon to register with the chief of police and made it a misdemeanor to fail to do so. The court notes that “[t]here is a wide latitude in the lawmakers to declare an offense and to exclude elements of knowledge and diligence from its definition”. (355 U.S. 225, at p. 228 [2 L.Ed.2d 228, at p. 231, 78 S.Ct. 240, at p. 242].) However, it noted that the conduct there was wholly passive and it was “unlike the commission of acts, or the failure to act under circumstances that should alert the doer to the consequences of his deed.” In the circumstances of that case, the court concluded that due process had been violated in that the defendant had no notice of the registration requirement, and there was no proof of the probability of such knowledge.
The Supreme Court did not seem to suggest that its decision applied to all crimes of omission (Brown, The Supreme Court 1959 Term (1958) 72 Harv. L. Rev. 183), since it distinguished cases where the failure to act was under circumstances that should alert the doer to the consequences of his deed.
California courts have stated that: “The rationale of the doctrine of strict criminal liability is that, although criminal sanctions are relied upon, the primary purpose of the statutes is regulation rather than punishment or correction, and that the interest of enforcement for the public health and safety requires the risk that an occasional nonoffender may be punished in order to prevent the escape of a greater number of culpable offenders. (People v. Stuart, supra, 47 Cal.2d 167, 172 [302 P.2d 5, 55 A.L.R. 2d 705]; People v. Vogel, supra, 46 Cal.2d 798, 801, fn. 2 [299 P.2d 850].) In Marley the rationale is stated as follows: ‘ “There are many acts that are so destructive of the social order, or where the ability of the state to establish the element of criminal intent would be so extremely difficult if not impossible of proof, that in the interest of justice the legislature has provided that the doing of the act constitutes a crime, regardless of knowledge or criminal intent on the part of the defendant. In these cases it is the duty of the defendant to know what the facts are that are involved or result from his acts or conduct . . . .” ’ ([In re Marley (1946)] 29 Cal.2d [525] at p. 529 [175 P.2d 832].)
“The reason for the rule of strict liability is also stated in terms of legislative policy thereby: ‘ “Although criminal statutes are not often construed to impose sanctions in the absence of mens rea or guilty intent, an exception occurs where the statute is an expression of a legislative policy to be served by strict liability.. . (People v. Travers (1975) 52 Cal.App.3d 111, 115 [124 Cal.Rptr. 728].)
*Supp. 47 We agree with the respondent’s contention that the duty to file an income tax return falls within the ambit of these regulatory offenses. The power to tax is certainly within the state’s police power and the failure to file returns (and pay taxes) could be destructive of the social order. Unlike the felon in Lambert, supra, 355 U.S. 225, [78 S.Ct. 240], the ordinary taxpayer is in a position to know what the consequences of failing to file a return are and he is in a position to prevent them by exercising ordinary care. (See Morisette v. United States (1952) 342 U.S. 246, 256 [96 L.Ed. 288, 296, 72 S.Ct. 240].)
Appellant also contends that Revenue and Taxation Code section 19401 is inconsistent with the filing requirements of sections 18401 and 18402 which provide exceptions to the filing requirement if the person’s gross income is below a certain level. But section 19401 merely provides that it is a violation not to file a return where one is required to be filed. We fail to perceive how this section is inconsistent. In any case, the evidence is clear that appellant did not qualify under any of the exceptions.
We, therefore, hold that section 19401 is not unconstitutional based on due process considerations.[1]

B.

Appellant’s next argument is that he was the object of discriminatory prosecution due to his membership in the Your Heritage Protection Association. There was simply insufficient evidence presented at the hearing on his motion to dismiss to support this contention based on the requirements of Murgia v. Municipal Court (1975) 15 Cal.3d 286 [124 Cal.Rptr. 204, 540 P.2d 44]. The witnesses from the Franchise Tax Board denied that they singled out members of tax protestor groups for prosecution. There was a *Supp. 48 lack of statistical evidence to show that the Franchise Tax Board prosecuted a disproportionate number of tax protestors. The lower court found that the Franchise Tax Board did not have a policy of selective prosecution based on this evidence. This finding is supported by sufficient evidence and will not be disturbed on appeal.
C.
The appellant next contends that the prosecution failed to present ’ sufficent evidence to show that he was required to file tax returns for 1979 and 1980. He argues in particular that although the prosecution did present evidence as to his earnings for both years, there was no direct evidence presented that he actually received the earnings. He contends that the prosecution was required to introduce into evidence his cancelled paychecks.
The respondent has countered this contention by pointing out that it not only presented evidence of the appellant’s earnings for the two years, but also the testimony of Southern Pacific employee, Victor Noller, who testified that the appellant never complained about not getting paid.
The appellant has overlooked the fact that it is an elementary principle of law that circumstantial evidence is also an acceptable form of proof, even in criminal cases. (See CALJIC No. 2.01.) From the direct evidence of what the appellant earned for each of the two years in question, and also that he never complained during those two years of not being paid, there certainly is a strong inference that he actually received the earnings indicated. Therefore, the implied finding by the jury to that effect was clearly supported by evidence in the record. Consequently, this contention by the appellant has no merit whatsoever and is actually ludicrous.

D.

The appellant’s last contention that the prosecution failed to show that he intended to evade the requirements of section 19401 is also ludicrous. As pointed out above, the language of the statute itself clearly dispenses with that requirement. Also, as mentioned, the Kuhn court {supra, 216 Cal.App.2d 695) has held that intent is not an element of this particular offense. Therefore, this contention also lacks any merit.
*Supp. 49 For these various reasons, we affirm the judgment of conviction.
Turner, J., and Rouse, J., concurred.

In the very recent case of People v. Roper (1983) 144 Cal.App.3d 1033 [193 Cal.Rptr. 15], the defendant was convicted of a violation of the companion statute to section 19401, Revenue and Taxation Code section 19406. On appeal he contended that the section was unconstitutional in that it violates (1) the 14th Amendment to the federal Constitution because it is unconstitutionally vague and (2) his constitutional right to privacy and the Privacy Act. The Roper court held that these contentions were meritless.
The defendant had contended that section 19406 was unconstitutionally vague because “it fails to state who is required to file an income tax return.” The reviewing court in Roper found that contention to be wholly without merit. The defendant also contended that section 19406 was unconstitutional because it violated the right of privacy guaranteed by article I, section 1 of the California Constitution and also by the federal Constitution. The Roper court held that the need of a state government for tax funds to carry out its legitimate governmental function was a sufficiently compelling need to require the filing of income tax returns pursuant to the requirements of section 19406.
The defendant in Roper also contended on appeal that section 19406 violated the California Information Practices Act of 1977 (Civ. Code, § 1798 et seq.) and the Federal Privacy Act. That contention was also determined to be meritless by the Roper court.