[No. G001736. Fourth Dist., Div. Three. Jan. 22, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM CHARLES WOODFORD, Defendant and Appellant.

COUNSEL

James B. Andres and William Sheffield for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Jay M. Bloom, John W. Carney and Frederick R. Millar, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WALLIN, J.**—William Woodford pleaded guilty to five felony counts of unlawful sexual intercourse with a female under the age of eighteen. He originally sought to suppress evidence at his preliminary hearing pursuant to Penal Code section 1538.5, but the magistrate refused to entertain the motion. Claiming the magistrate's refusal to hear the motion was erroneous, Woodford challenged his commitment to superior court pursuant to Penal Code section 995. He now attempts to appeal the denial of his Penal Code section 995 motion. We conclude Woodford's guilty pleas preclude this appeal.

I

Before Woodford's preliminary hearing, his attorney filed a formal motion to suppress the testimony of the prosecutrix, arguing the testimony was the fruit of an illegal detention and unlawful search. (Pen. Code, § 1538.5.) The prosecution objected, arguing no fruits of any claimed illegality would be offered into evidence. Defense counsel made the following offer of proof: "It is my belief that if a motion to suppress were heard and testimony were taken . . . [it] would show that an illegal detention occurred and that the victim, Tammy [O.], was first discovered as a result of an illegal detention and that the information that she gave to the police officer upon questioning by him was information which did not establish any wrongdoing. The police officer would testify that what Tammy [O.] told him when he first questioned her was that she and Mr. Woodford were just talking and not doing anything wrong and that thereafter an unlawful search of the Defendant's motorhome took place during which incriminating evidence was discovered in the nature of contraceptives and whatnot, and that thereafter the police officer again confronted the victim, Tammy [O.], and she at that time told him that sexual activity had occurred, and that thereafter the police discovered further information which led to this prosecution."

The magistrate refused to hear the motion to suppress despite the offer of proof. After Woodford was held to answer, he moved to set aside the information (Pen. Code, § 995), citing the magistrate's refusal to hear his suppression motion. The superior court denied the Penal Code section 995 motion, observing the defense offer of proof to the magistrate failed to allege the victim was not a willing witness or that her identity was discovered as a result of the illegal detention of Woodford, as opposed to her own illegal detention.

II

Although Woodford had separately filed a written motion, de novo, to suppress evidence in superior court, he withdrew that motion and pleaded

guilty. He purports to appeal the denial of his Penal Code section 995 motion pursuant to subdivision (m) of Penal Code section 1538.5 and *People v. Lilienthal* (1978) 22 Cal.3d 891 [150 Cal.Rptr. 910, 587 P.2d 706]. Without reference to those authorities, the Attorney General argues Woodford should be "estopped" from raising any issue concerning the motion to suppress on appeal, citing his abandonment of that motion in superior court, and his avoidance of pretrial writ relief available under Penal Code section 999a. We are urged to conclude Woodford's rejection of those remedies "ranks as a failure to object and should be treated as a waiver." Although the Attorney General's position is inartfully worded, he is substantively correct because Woodford's guilty pleas waived his complaint that he was illegally committed by the magistrate. Penal Code section 1538.5, subdivision (m) and *People v. Lilienthal, supra,* 22 Cal.3d 891, do not provide the relief he claims.

■ Penal Code section 1538.5, subdivision (m) provides, in pertinent part: "A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence."

Our Supreme Court has interpreted this section to mean that a motion to dismiss pursuant to Penal Code section 995 will preserve Fourth Amendment issues on appeal, even if the defendant fails to bring a de novo motion to suppress evidence in superior court, and even if he pleads guilty. (*People v. Lilienthal, supra,* 22 Cal.3d 891.) "Although challenges to rulings on section 995 motions premised on other grounds do not survive a guilty plea (*People v. Warburton* [1970] 7 Cal.App.3d [815] at pp. 821-822, 824-825 [86 Cal.Rptr. 894]), a challenge to a ruling on a section 995 motion brought to review the magistrate's ruling on a motion to suppress at the preliminary hearing, in our view, falls directly within the ambit of subdivision (m). [¶] It bears emphasis that the authorization in subdivision (m) of appellate review of the denial of a section 995 motion contesting the validity of a search or seizure does not authorize appellate review after a guilty plea of rulings on section 995 motions made on other grounds. . . . In short, a section 995 motion will be effective to preserve the Fourth Amendment issue on an appeal following a guilty plea only when it appears from the transcript of the preliminary hearing that essential evidence was illegally obtained." (*People v. Lilienthal, supra,* 22 Cal.3d at p. 897.)

■ We read *Lilienthal* literally. First, the transcript of Woodford's preliminary hearing does not show that "essential evidence was illegally

obtained," because Woodford was not given an opportunity to prove that point. Second, Woodford's Penal Code section 995 motion did not contest the "validity of a search and seizure"; it was based on the magistrate's refusal to hear his suppression motion. Since there was no determination of the validity of the search and seizure Woodford was limited to arguing his commitment to superior court was illegal because he was denied a substantial right—the opportunity to prove the prosecutrix's testimony was the fruit of an illegal search and seizure. (See *Jennings* v. *Superior Court* (1967) 66 Cal.2d 867 [59 Cal.Rptr. 440, 428 P.2d 304].) Thus, his Penal Code section 995 motion was brought "on other grounds," not Fourth Amendment grounds, as distinguished in *Lilienthal.*

*Lilienthal* is entirely consistent with subdivision (m) of Penal Code section 1538.5. That section grants an appellate remedy to defendants seeking review of the "validity of a search and seizure," even though they plead guilty. It bears emphasis to note again that Woodford does not seek our review of the validity of a search and seizure. In fact, we have no record to review. Woodford does seek review of an illegal commitment. Unlike a Fourth Amendment issue, complaints about an illegal commitment brought via Penal Code section 995 are waived by a guilty plea. (See *People* v. *Kaanehe* (1977) 19 Cal.3d 1 [136 Cal.Rptr. 409, 559 P.2d 1028]; *People* v. *Warburton, supra,* 7 Cal.App.3d 815; *People* v. *Roper* (1983) 144 Cal.App.3d 1033 [193 Cal.Rptr. 15].)

Denying Woodford appellate relief is entirely consistent with settled case law concerning the ability to cure complaints about the legality of a commitment to superior court. For example, *People* v. *Partlow* (1978) 84 Cal.App.3d 540 [148 Cal.Rptr. 744], relied on *Jennings* v. *Superior Court, supra,* 66 Cal.2d 867 and *People* v. *Neal* (1942) 53 Cal.App.2d 379 [127 P.2d 996], and held "that even errors of the most serious nature committed in the course of the preliminary hearing may be remedied in the ensuing proceedings (notably at the trial) and do not necessarily lead to the reversal of the conviction." (*People* v. *Partlow, supra,* 84 Cal.App.3d at p. 553.) *Partlow* found the magistrate's erroneous failure to order the production of an informant was fully cured by the informant's subsequent trial testimony. That holding is based on the rationale that the preliminary hearing defect "is not jurisdictional in the fundamental sense because it is subject to waiver." (*Id.,* at p. 555; see also *People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 528-529 [165 Cal.Rptr. 851, 612 P.2d 941].)

Waiver is present here. Even though we agree the preliminary hearing magistrate erred in denying Woodford an opportunity to present evidence in support of his motion to suppress, the illegality of his resultant commitment to superior court is an issue waived by his guilty pleas.

The dissent suggests Woodford is entitled to withdraw his pleas. However to permit withdrawal in these circumstances this court must find the pleas were improperly induced by an illusory promise. (See, e.g., *People* v. *DeVaughn* (1977) 18 Cal.3d 889, 896 [135 Cal.Rptr. 786, 558 P.2d 872].) Nothing is this record supports such a finding. The dissent's statement Woodford "pleaded guilty in good faith reliance on the promise of a statute" is mere speculation.

The appeal is dismissed.

Trotter, P. J., concurred.

**CROSBY, J.,**—I dissent. As relevant here, Penal Code section 1538.5, subdivision (m) provides, "A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defendant providing that at *some stage of the proceedings* prior to conviction he has *moved* for the return of property or the suppression of the evidence." (Italics added.) Seems clear enough to me. Woodford did move at some stage of the proceedings to suppress evidence; he may therefore appeal from a conviction based on a plea of guilty. Nothing in the section suggests the majority's additional requirement that the motion be heard as well as made. And what justice could there be in a such a rule as applied to this case, where the majority concedes the municipal court erred in refusing an evidentiary hearing and the superior court incorrectly denied the motion brought under Penal Code section 995?

Moreover, it is not exactly accurate to say there was no hearing. There was no *evidentiary* hearing; but a hearing on offers of proof, which is essentially what took place here, is a hearing of sorts. By precluding the defense from producing evidence to support its offer, the prosecutor and the court bound themselves to defense counsel's statement of what he would prove. And, contrary to the majority's claim that "the transcript of Woodford's preliminary examination does not show that 'essential evidence was illegally obtained.'" we should reverse the denial of the motion on either of two related grounds.

First, for purposes of appeal, the defense "proved" the victim was discovered in a warrantless search. The rule is, "'A party who has prevented proof of a fact by his erroneous objection will not be permitted to take advantage of his own wrong, and a reviewing court will assume that the fact was duly proved. [Citation.]' (*Watenpaugh* v. *State Teacher's Retirement* [1959] 51 Cal.2d 675, 680 [336 P.2d 165]; 6 Witkin, Cal. Procedure,

Appeal, § 268, pp. 4258-4259.)" (*Crail* v. *Blakeley* (1973) 8 Cal.3d 744, 755 [106 Cal.Rptr. 187, 505 P.2d 1027].) The record does not reflect that the prosecution carried its burden to justify the warrantless search; consequently, the judgments below may not stand.

Second, the motion should have been granted based on the prosecution's acquiescence in the defense offer of proof. Woodford's counsel described an illegal search resulting in the discovery of the victim. The prosecution did not dispute the defense offer; the deputy district attorney merely claimed he would only produce evidence of conduct predating the search. This non sequitur suggests one of two possibilities: The prosecutor either completely misunderstood the issue or inartfully attempted to articulate a theory of attenuation, i.e., that the victim's testimony was voluntary and would have been available in any event. The prosecution always has the burden of proving the attenuation exception to the rule of exclusion, however; and, again, it failed to produce any evidence at all. Consequently, even if the majority's unprecedented view of the appealability question is correct, we should nevertheless reverse on the merits of the "hearing" on the motion to suppress.

As the Supreme Court held in *People* v. *Lilienthal* (1978) 22 Cal.3d 891 [150 Cal.Rptr. 910, 587 P.2d 706], "subdivision (m) [of Penal Code section 1538.5] itself acknowledges the propriety of a section 995 motion to test the validity of a search or seizure." (*Id.*, at p. 896, fn. omitted.) The court added, "a section 995 motion will be effective to preserve [a] Fourth Amendment issue on an appeal following a guilty plea . . . when it appears from the transcript of the preliminary hearing that essential evidence was illegally obtained." (*Id.*, at p. 897.) In this case there can be no doubt the victim's testimony was "essential evidence": Nothing else was presented at the preliminary examination. Since the prosecution did not deny it was illegally obtained and failed to prove attenuation, our decision should be obvious.

Woodford had the right, but no duty, to bring a new motion to suppress in the superior court. But, contrary to the position of the majority, he was also entitled to insist on his right to a dismissal instead. If he had lost a de novo motion to suppress in the superior court and been convicted at trial, the pretrial errors would not have been cognizable on appeal. (See, e.g., *People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519 [165 Cal.Rptr. 851, 612 P.2d 941].) Thus, twice wronged, Woodford has no remedy. Worse, from his point of view, the majority has possibly destroyed a potential bar to his prosecution by its refusal to follow the plain language of Penal Code section 1538.5, subdivision (m). With certain exceptions, second dismissals pre-

clude further prosecution. (Pen. Code, § 1387.) Woodford was and is entitled to one of those two dismissals here.

Consequently, I would reverse. So should the majority, if for no other reason than to allow Woodford to withdraw his plea. He pleaded guilty in good faith reliance on the promise of a statute, but has fallen into the majority's trap instead. Future defendants will, perhaps, have Woodford's example as a warning. He had literally nothing to alert him to the danger ahead.

The majority somehow concludes I base this notion on *People* v. *De-Vaughn* (1977) 18 Cal.3d 889 [135 Cal.Rptr. 786, 558 P.2d 872], where a defendant was led by a trial court to believe he could appeal a nonappealable issue after a guilty plea and consequently was permitted to withdraw his plea. *DeVaughn,* except for the principle involved, is beside the point. Although there *is* an illusory promise in this case, it was not created by the trial court but by this court's misinterpretation of Penal Code section 1538.5, subdivision (m). Of course, there is also the question of simple fairness.

Appellant's petition for review by the Supreme Court was denied May 1, 1986. Mosk, J., and Grodin, J., were of the opinion that the petition should be granted.