Filed 1/23/14  P. v. DeJongh CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JENNIFER DeJONGH and<br>GEORGE DeJONGH,<br><br>    Defendants and Appellants. | B245146<br><br>(Los Angeles County<br> Super. Ct. No. BA332537) |

APPEALS from judgments of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Reversed and remanded for further proceedings.

The Severo Law Firm and Michael V. Severo for Defendants and Appellants.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Eric E. Reynolds and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Pursuant to a plea bargain negotiated by counsel, defendants Jennifer DeJongh and George DeJongh pled nolo contendere to several counts of child custody deprivation. (§ 278.5, subd. (a).)[1] The trial court, as part of the plea bargain, issued a certificate of probable cause to permit defendants to appeal its denial of their common law motion to dismiss. In this appeal, defendants attempt to pursue that contention. We do not reach its merits because we conclude that the contention does not survive their pleas. Because defendants' pleas were, in part, based upon the trial court's illusory promise that they could prosecute this appeal, we reverse the judgments and remand the case to the trial court to permit defendants to withdraw their pleas.

# FACTUAL AND PROCEDURAL BACKGROUND

The People jointly charged each defendant with three counts of child custody deprivation based upon the following facts.

Defendant Jennifer DeJongh is the mother of three minor children. She and the children's father (Brian Miller, Sr.) entered into a settlement in the family law court providing for visitation between the children and their paternal grandparents. Defendant Jennifer DeJongh failed to comply with the order. Instead, she took the children to Mexico with her husband defendant George DeJongh. Several years later, defendants were arrested with the children at the United States-Mexican border.

The theory of the prosecution's case is that defendants' actions deprived the paternal grandparents of their visitation rights. At the preliminary hearing, defendants argued, among other things, that no crime had been committed because

---

[1] All statutory references are to the Penal Code.

2

the order from the family law court had conferred no such right on the paternal grandparents.  The magistrate rejected all defense arguments and held defendants to answer.

In the superior court, defendants, citing section 995, moved to dismiss the information on the basis that the evidence was insufficient as a matter of law because the family law court order did not give the paternal grandparents any right of visitation.  Judge George Lomeli denied the motion.

The case was assigned to Judge Robert J. Perry for trial.  Defendants moved to exclude the testimony of the paternal grandparents on the basis that they had acquired no visitation rights from the family law court order.

At the hearing on the motion, the parties agreed with Judge Perry that the focus of the defense motion was "whether or not the People have brought a valid charge *based on the facts of the case*."  (Italics added.)  Later on, Judge Perry stated:  "I really think your motion to exclude should be styled as a motion to dismiss or a non-statutory motion to dismiss."  Defense counsel agreed with the court's characterization of his motion.  Toward the end of the hearing, Judge Perry reiterated:  "[C]ounsel and I briefly conferred in chambers off the record and we're going to go forward at this time with the defense motion for – I called it dismissal of the charges, essentially, based on the record and other stipulated facts that were agreed to in our discussion."

In denying the motion, Judge Perry explained:  "I think under these facts that the [defense] case is not made to dismiss the matter. . . .  Under these facts it's clear that [the] paternal grandparents were selected by agreement by the two parties [defendant Jennifer DeJongh and Brian Miller, Sr.].  I do think that a right of visitation was conferred on them based on the facts of this case, and I do deny the motion to dismiss."

Two weeks later, defendants appeared before Judge Lance A. Ito. The parties explained that they had reached a disposition before Judge Perry. Defense counsel told Judge Ito that the disposition included the provision that the trial court would sign a certificate of probable cause permitting defendants to appeal. He stated: "[T]he issue on appeal is we made motions to dismiss both statutory and non-statutory based on the . . . question presented that . . . there was no right of visitation as a matter of law granted to the [paternal] grandparents in the order . . . of the family law court, and as a consequence, there is no crime."

In taking defendants' pleas, Judge Ito advised them that "part of the plea disposition is that you will be allowed to appeal this particular legal issue." He placed defendants on formal probation for five years on various terms and conditions.

Judge Ito subsequently signed a certificate of probable cause. Defendants, relying upon that document, filed a joint notice of appeal.

## DISCUSSION

Defendants' joint briefs challenge the denial of their motion to dismiss. They argue that "the paternal grandparents did not have a cognizable right of visitation" so that defendants "did not commit a crime as to them." The Attorney General responds to this claim on the merits. We cannot and do not reach the merits of the contention because it does not survive defendants' nolo contendere pleas.[2]

---

[2]     Prior to the hearing on this appeal, we sent the parties a letter directing them to address at oral argument the following two issues: (1) was the defense contention cognizable on appeal in light of defendants' pleas; and (2) if not, should the case be remanded to the superior court to permit them to withdraw their pleas? At oral argument, defense counsel conceded that the contention was not cognizable and asked that we remand the case to the trial court to permit his clients to withdraw their pleas. The

4

"'Issues cognizable on an appeal following a guilty plea are limited to issues based on "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" resulting in the plea.' [Citation.] By pleading guilty, a defendant impliedly admits 'that the People have established or can establish every element of the charged offense, thus obviating the need for the People to come forward with *any* evidence.' [Citation.]" (*People v. Roper* (1983) 144 Cal.App.3d 1033, 1038-1039.) This means that by pleading nolo contendere,[3] defendants implicitly conceded that the People's theory that the paternal grandparents had protectable visitation rights with which they criminally interfered was legally sound and factually sufficient. Consequently, defendants' contention that the trial court erroneously denied their common law motion to dismiss does not survive their pleas. (*Id.* at p. 1039 [denial of a section 995 motion does not survive a guilty plea unless the motion raised a Fourth Amendment claim].)

That the trial court issued defendants a certificate of probable cause does not alter our conclusion. "[T]he trial court's acquiescence in a defendant's expressed intention to appeal is wholly ineffective to confer jurisdiction on the appellate court if the issue proposed to be raised is in fact not cognizable on appeal. 'Obtaining a certificate of probable cause does not make cognizable those issues which have been waived by a plea of guilty.' [Citations.]" (*People v. Hernandez* (1992) 6 Cal.App.4th 1355, 1361.)

Because defendants' contention is not reviewable on appeal, the negotiated plea bargain "purporting to provide the otherwise illusory right of appeal" is invalid. (*People v. Lee* (1980) 100 Cal.App.3d 715, 718.) The remedy is to

---

Attorney General agreed with this resolution of the matter. In addition, both counsel agreed that letter briefing on these points was not necessary.

[3]     The legal effect of a plea of nolo contendere to a felony "shall be the same as that of a plea of guilty for all purposes." (§ 1016, subd. (3).)

reverse the judgments and remand the cause to the trial court to give defendants a reasonable opportunity to withdraw their pleas and proceed anew. (*Id*. at pp. 718-719.)

## DISPOSITION

The judgments are reversed and the cause remanded to the trial court. If defendants move to withdraw their pleas within 30 days of the finality of this decision, the superior court is directed to vacate the pleas and reinstate the information for further proceedings. If defendants choose not to withdraw their pleas within the 30-day period, the superior court is directed to reinstate the judgments. (*People v. Bonwit* (1985) 173 Cal.App.3d 828, 834.)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.                EDMON, J.*


---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.