Filed 12/4/15  P. v. Bailey CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TODD A. BAILEY,<br><br>    Defendant and Appellant. | A145099<br><br>(Alameda County<br>Super. Ct. No. C171261) |

Todd A. Bailey appeals from a judgment sentencing him to ten years in prison after he pleaded no contest to a single count of attempted murder and admitted using a deadly weapon (scissors) during the commission of that offense.  (Pen. Code, §§ 187, 664, 12022, subd. (b)(1).)[1]  His court-appointed counsel has filed a brief raising no issues, but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We find no arguable issues and affirm.

## I.  BACKGROUND

On March 5, 2013, Oakland Police Department officers were dispatched to a home and discovered Jane Doe 1 lying face down in a pool of blood.  She had several stab wounds on her body and head injuries requiring stitches and staples.  Appellant, who was in a relationship with Jane Doe 1, was sitting on a plastic milk crate and was arrested at gunpoint.  A pair of bloody safety shears were found on the floor inside the home.

---

[1] Further statutory references are to the Penal Code.

1

Jane Doe 1's teenage sister, Jane Doe 2, told police appellant had been in the bedroom choking, hitting and kicking Jane Doe 1. Jane Doe 2 saw appellant grab something off the dresser and stick it in Jane Doe 1's side before dragging her out to the porch where he continued to beat her. When Jane Doe 2 tried to stop appellant from continuing his attack on her sister, he punched Jane Doe 2 in the jaw.

On April 11, 2013, the district attorney filed an information charging appellant with attempted murder and assault with a deadly weapon against Jane Doe 1 and misdemeanor battery against Jane Doe 2. (§§ 187, 242, 245, subd. (a)(1), 664.) As to the attempted murder count, it was alleged appellant had personally used a deadly weapon and had personally inflicted great bodily injury under circumstances involving domestic violence. (§§ 12022, subd. (b)(1), 12022.7, subd. (e).) As to the assault with a deadly weapon count, it was alleged appellant had personally inflicted great bodily injury under circumstances involving domestic violence. (§ 12022.7, subd. (e).) The information also alleged appellant had previously served three separate prison terms. (§ 667.5, subd. (b).)

On September 27, 2013, the court granted appellant's motion to represent himself under *Faretta v. California* (1975) 422 U.S. 806. Less than a month later, on November 22, 2013, appellant surrendered his right to represent himself and the court appointed the Public Defender's Office to represent him. On January 8, 2014, and June 9, 2014, the court denied appellant's motions for substitute counsel under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). On July 9, 2014, the court granted appellant's motion to represent himself and on September 24, 2014, appellant indicated he wanted an attorney. Appellant filed a written motion seeking counsel on September 25, 2014.

On October 20, 2014, represented by a deputy public defender, appellant entered a plea of not guilty by reason of insanity, and two doctors were appointed to evaluate his sanity at the time of the offenses. (See § 1027.) On December 5, 2015, the court denied a *Marsden* motion and received medical reports from the doctors, one of whom concluded appellant met the legal definition of insanity while the other concluded he did not.

On January 23, 2015, after being fully advised of his *Boykin-Tahl*[2] rights, appellant pleaded no contest to the attempted murder count and admitted the weapon allegation in exchange for an agreed-upon sentence of ten years in prison and dismissal of the remaining counts and allegations. On February 24, 2015, the court sentenced appellant to the nine-year upper term for attempted murder plus one year for the enhancement and imposed various fines and assessments. Appellant was awarded 722 actual days and 108 days of good time/work time credits for a total of 830 days in presentence credits.

Appellant filed a notice of appeal indicating the appeal was taken after the entry of a guilty or no contest plea. He checked a box indicating he was appealing the denial of a motion to suppress evidence under section 1538.5[3] and further stated as a ground for appeal, "D.A. over charged on first count, and Due Process." In an attached request for a certificate of probable cause, appellant stated: "D.A. office over charged me, with malice aforethought when said I was [mental]ly impaired and off drugs and alcohol, and heat of passion at the time. [¶] Also the courts did not have a hearing on my pre-trial motions— 995 and suppressing evidence and others. The Judge said they were for trial but they [were] pretrial motions." The trial court denied the certificate of probable cause.

## II. DISCUSSION

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note that appointed counsel has filed a *Wende/Anders* brief raising no issues and appellant, having been advised of his right to file a supplemental brief, has not filed one. We have independently reviewed the entire record for potential error and find none.

The issues described by appellant in his request for a certificate of probable cause lack merit because they are either unsupported by the record or were waived by his no contest plea. (*People v. Roper* (1983) 144 Cal.App.3d 1033, 1038.) The court's denial of appellant's *Marsden* motions similarly are not cognizable on appeal because they were

---

[2] *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

[3] No such motion was ever filed.

waived by his plea.  (*People v. Lobaugh* (1987) 188 Cal.App.3d 780, 786.)  Because the trial court denied appellant's request for a certificate of probable cause under section 1237.5, we do not consider issues concerning the validity of his no contest plea, including issues relating to the implicit withdrawal of his plea of not guilty by reason of insanity. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 76.)  Additionally, because appellant agreed to the ten-year sentence imposed by the court, any challenge to that term would be an impermissible challenge to the validity of the plea.  (*Id*. at pp. 76-78.)

We are satisfied appellant's appointed attorney has fully complied with the responsibilities of appellate counsel and that no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259, 283.)  We deny appellant's request, filed October 28, 2015, that we appoint new counsel to represent him on appeal.

## III.  DISPOSITION

The judgment is affirmed.

NEEDHAM, J.

We concur.

SIMONS, ACTING P.J.

BRUINIERS, J.

4